# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN ANDERSON, ) | |
| ) | |
| Petitioner, ) | Case No. CV-02-205-S-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court in this habeas corpus action is Respondent's Motion for Partial Summary Dismissal. (Docket No. 31.) The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Docket Nos. 8, 25, 27 & 28.) Also pending are various other motions ripe for adjudication. Having reviewed the arguments of the parties and the record in this case, the Court enters the following Order.

## I.

## MOTION FOR SUMMARY DISMISSAL

**A.    Background**

Petitioner is contesting issues arising from his Twin Falls County convictions of aggravated battery and rape of his live-in girlfriend. This federal habeas corpus case was

MEMORANDUM DECISION AND ORDER - 1

stayed between July 31, 2002, and April 6, 2007, to allow Petitioner to return to state court to exhaust his claims. After notification that the state court cases were completed, this Court re-opened the case on October 25, 2007.

Petitioner now requests permission to file his Second Amended Petition, consisting of seven claims. Also pending is Respondent's Motion for Partial Summary Dismissal, wherein Respondent contends that Claims One, Two, Four, and Seven are procedurally defaulted and subject to dismissal. (Claims Three, Five, and Six are not at issue here.)

**B.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986). A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust all state court remedies before presenting his claims in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round

MEMORANDUM DECISION AND ORDER - 2

of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). The petitioner can satisfy the exhaustion requirement by showing that he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts, and it is now too late to do so; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

**C.     Discussion**

MEMORANDUM DECISION AND ORDER - 3

Respondent alleges that several of Petitioner's claims are procedurally defaulted and cannot be heard on the merits. The Court now reviews each of the claims.

1.  Claim One

Claim One is an allegation that Petitioner's Sixth and Fourteenth Amendment rights to a fair trial and due process were violated as a result of prosecutorial misconduct. Particularly, Petitioner argues that during the rape trial the prosecutor repeatedly mentioned the prior bad act of breaking the victim's jaw which had resulted in the aggravated battery conviction, even though the trial court had ruled that the State could not present testimony regarding details of the aggravated battery and could not present witnesses to corroborate that Petitioner had committed the battery. Respondent argues that Petitioner failed to raise this prosecutorial misconduct claim as a *federal* claim during state court proceedings.

Because a petitioner for federal habeas relief may not challenge the application of state evidentiary rules, *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996), federal review of a prosecutorial misconduct claim is limited to the narrow issue of whether the conduct violated due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1871 (1974). The federal district court does not have "broad exercise of supervisory power" on federal habeas review as the state district court would have over prosecutors appearing in its court. *Id*.; *see Mattox v. Davis*, 549 F.Supp. 2d 877, 918 (D. Mich. 2008) ("It is the responsibility of the state courts to police their prosecutors; this court has no such authority."). Therefore, a petitioner must allege more than mere

MEMORANDUM DECISION AND ORDER - 4

erroneous conduct.  Rather, the petitioner's claim must center on whether the prosecutor's remarks, taken in the context of the entire trial, were sufficiently prejudicial and infected the trial with such unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. at 643, 94 S.Ct. at 1871.

The same exhaustion issue was before the United States Supreme Court in *Dye v. Hofbauer*, 546 U.S. 1, 126 S.Ct. 5 (2005).  There, the Supreme Court determined that a claim had been properly exhausted because the Petitioner (1) had included a subtitle in his brief that read: "The Prosecutor Denied Defendant Due Process of Law and a Fair Trial by Numerous Instances of Misconduct"; (2)  had cited the Fifth and Fourteenth Amendments to the Constitution of the United States in the text; and (3) had cited various federal cases, "all of which concern[ed] alleged violations of federal due process rights in the context of prosecutorial misconduct."  *Id*., 546 U.S. at 3, 125 S.Ct. at 7.

In contrast, here, Petitioner's direct appeal brief mentions only that a prosecutor "has . . . the duty of seeing that justice is done and that every criminal defendant is accorded a fair trial."  The brief does not mention due process, does not cite the Fifth or Fourteenth Amendment, and does not cite any federal law.  (State's Lodgings D-1 & D-3.)  The state cases cited by Petitioner do not mention the federal Constitution. Petitioner's   Statement of Issues framed the claim without reference to federal law:

> At the trial, the prosecutor repeatedly and flagrantly disobeyed the district court's rulings excluding evidence concerning Mr. Anderson's prior bad act of breaking Ms. Brannon's jaw.  Does prosecutorial misconduct warrant reversal of Mr. Anderson's conviction?

MEMORANDUM DECISION AND ORDER - 5

(State's Lodging D-1, at p. 4.)  The Idaho Court of Appeals reviewed whether the prosecutor's conduct went beyond the scope of the trial court's evidentiary ruling and determined that she had not.  (State's Lodging D-4, pp. 2-5.)  The Idaho Court of Appeals noted that a "prosecutor has the 'duty of seeing that justice is done and that every criminal defendant is accorded a fair trial,'" citing an Idaho case, *State v. Vandenacre*, 131 Idaho 507, 512, 960 P.2d 190, 195 (Idaho Ct. App. 1998).  *Vandenacre* relies only on state evidentiary principles and a vague reference to the "right to a fair trial."  (State's Lodging D-4, p. 3.)   After the Court of Appeals issued its opinion, Petitioner presented his claim *pro se* to the Idaho Supreme Court by copying the argument his counsel had made to the Idaho Court of Appeals.  The brief did not contain any references to due process, the Constitution, or federal case law. (State's Lodging D-6.)   Therefore, Petitioner's claim is not properly exhausted.

     Other cases support this conclusion.  "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995).  In *Duncan*, the Court determined that "Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment."  Facing similar facts in *Johnson v. Zenon*, 88 F.3d 828 (9th Cir. 1996), the Ninth Circuit noted:

MEMORANDUM DECISION AND ORDER - 6

> As applied to this case, *Duncan* compels the conclusion that Johnson has not "fairly presented" his federal claim in state court. In state court, Johnson limited his arguments exclusively to state evidentiary law. While he did assert that the admission of the prior act evidence "infringed on his right to present a defense and receive a fair trial," the assertion was made in the course of arguing that the evidentiary error was not harmless under state law. Because Johnson never apprised the state court of the federal nature of his claim, he has not satisfied the fair presentation prong of the exhaustion requirement.

88 F.3d at 830-31.

Petitioner argues that, in his briefing, he referred to the same sufficiency of evidence standard that governs in federal court. However, a sufficiency of the evidence claim can be a federal claim only when it is centered on due process. Petitioner's briefing does not mention due process. The Ninth Circuit rejected the notion that arguing "insufficiency of the evidence" is enough to present a federal issue in *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999):

> When Hiivala argued to the Washington Supreme Court that the state's evidence was insufficient to meet the burden of proof for the state crime of first-degree murder, he did not refer to the Due Process Clause of the United States Constitution. Moreover, Hiivala's argument to the Washington Supreme Court neither cited the Fourteenth Amendment nor any federal case law involving the legal standard for a federal Constitutional violation predicated upon a claim of insufficiency of the evidence to support a state law conviction. Hiivala argues these omissions should be overlooked because he contended in state court that the State had failed to prove he committed the charged offense, and this contention raised "a federal constitutional issue, even if the Fifth and Fourteenth Amendments [were] not directly cited."

195 F.3d at 1107.

MEMORANDUM DECISION AND ORDER - 7

As a result of the foregoing, the Court concludes that Petitioner has failed to properly exhaust his evidentiary claim as a federal claim, that it is too late to bring any further claims in the state court, and, thus, that the claim may not be heard on the merits on federal habeas corpus review.

2.   Claim Seven

Claim Seven is that Petitioner's Fourteenth Amendment due process rights were violated when the state district court denied him transcripts of some of the court proceedings in post-conviction review, thwarting his ineffective assistance of counsel claim.  Petitioner raised this claim as a Fourteenth Amendment claim in the briefing of his consolidated appeal of his post-conviction cases before the Idaho Court of Appeals.  (State's Lodging G-11, p. 85.)  Respondent alleges that Petitioner failed to refer to any constitutional provision in his petition for review before the Idaho Supreme Court (State's Lodging G-17, pp. 24-26), while Petitioner argues that he presented the claim as a due process issue in his briefing before the Idaho Supreme Court (*Id.*, p. 25).

The Court declines to rule on the procedural issue but instead concludes that Petitioner has not stated a cognizable claim.  Petitioner alleges that a missing transcript of an *in camera* hearing was material to his ineffective assistance of counsel claim presented in his post-conviction petition.  However, habeas corpus is not the proper avenue to address errors in a state's post-conviction review process.  *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).  In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

MEMORANDUM DECISION AND ORDER - 8

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself."

*Id*. at 143-44.  In addition, lack of a transcript in a post-conviction matter is not a claim challenging the lawfulness of Petitioner's incarceration.  *See* 28 U.S.C. 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  As a result, Claim Seven is subject to dismissal for failure to state a claim upon which relief can be granted.

      3.    <u>Claim Two</u>

Claim Two is that Petitioner's right to effective assistance of counsel was violated when Petitioner's trial counsel failed to object to inadmissible evidence at trial and failed to move for a mistrial.  This claim has the same factual basis as Claim One, that the prosecutor repeatedly disobeyed the court's order excluding evidence of the prior bad act of breaking the victim's jaw, and, here, that defense counsel failed to object to such references.  Petitioner included this claim on direct appeal, but during oral argument

MEMORANDUM DECISION AND ORDER - 9

before the Idaho Court of Appeals, Petitioner's appellate attorney withdrew the issue. Therefore, the claim was not addressed by the Idaho Court of Appeals. (State's Lodging, D-4, p. 5, n. 4.)

Petitioner included this claim in his petition for review before the Idaho Supreme Court, but because it was withdrawn at the intermediate court level, it did not proceed through one full round of appellate review. (State's Lodging D-6, pp. 1, 7-8.) Therefore, the claim is procedurally defaulted and cannot be heard absent a showing of cause and prejudice. Any claim that Petitioner's appellate counsel was ineffective for withdrawing the claim would have to be properly exhausted itself in order to constitute cause for the default of the claim in the first instance. *See Edwards v. Carpenter*, 529 U.S. 446 (2000).

4.      Claim Four

Claim Four is that Petitioner's Fourteenth Amendment due process rights and Sixth Amendment right to effective assistance of counsel were violated when Petitioner's trial counsel failed to move to dismiss the rape case as a result of an *Arizona v. Youngblood* violation. In *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Supreme Court held that bad faith failure of police to preserve potentially useful evidence is a violation of due process. Petitioner particularly alleges that he was deprived of potentially exculpatory evidence because a rape kit test was not performed on the victim allegedly because she had gone swimming after the rape occurred.[1]

---

[1] On appeal of the post-conviction matter, Petitioner presented the issue of whether trial counsel was ineffective for having failed to test a sheet from the bed where Petitioner and the

MEMORANDUM DECISION AND ORDER - 10

Respondent argues that Petitioner failed to present this claim in his post-conviction petition (State's Lodging F-1, pp. 6-80). Petitioner presented it as a *Youngblood* Fourteenth Amendment due process violation, but not a Sixth Amendment ineffective assistance of counsel claim in his post-conviction petition. Petitioner states that his counsel argued the claim as an ineffective assistance claim at the hearing on the post-conviction matter; however, there is no indication that the state district court allowed such an "oral amendment" of the petition, considered the claim properly presented, or considered the merits of the claim. Similarly, Petitioner's counsel asked the Idaho Court of Appeals to consider the claim as both a Fourteenth Amendment and Sixth Amendment claim on appeal for the first time, but the Idaho Court of Appeals addressed only the Fourteenth Amendment *Youngblood* claim. (State's Lodgings G-3, p. 22 n. 5; State's Lodging G-15, pp. 11-12.)

Notwithstanding the fact that the claim was not presented to the state district court in the post-conviction petition and the fact that the Idaho Court of Appeals did not address it, Petitioner tried to present the claim to the Idaho Supreme Court in his petition for review. (State's Lodging, G-17, pp. 14-16.) This was a procedurally improper presentation that does not support a finding of proper exhaustion.

---

victim lived after the victim testified that Petitioner had wiped himself off on the sheet. (State's Lodging G-3, at p. 18.) Petitioner has apparently abandoned this claim on federal habeas review.

MEMORANDUM DECISION AND ORDER - 11

Petitioner's claim is procedurally defaulted, and it cannot be heard as an ineffective assistance of counsel claim. However, as a Fourteenth Amendment *Youngblood* claim, it appears exhausted, and he may proceed on the merits of such a claim as requested in his proposed Second Amended Petition, to the extent that it shall be considered a substantive claim and not an ineffective assistance of counsel claim (Docket No. 37).

**D.     Conclusion**

The Court concludes that Claim Seven fails to state a claim upon which relief can be granted, and Claims One, Two and Four are procedurally defaulted. Petitioner has been provided with the standards for a showing of cause and prejudice or actual innocence and has not provided any argument for application of these exceptions. Based on all of the foregoing, the defaulted claims cannot be heard and shall be dismissed with prejudice. Petitioner may proceed on his original Claims Three, Five, and Six, and on the *Youngblood* claim asserted in the Second Amended Petition.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Respondent's Motion for Partial Summary Dismissal (Docket No. 31) is GRANTED. Petitioner's Claims One, Two, Four, and Seven are dismissed with prejudice.

B. Petitioner's Motion for Extension of Time to File Response to Motion for Partial Summary Dismissal (Docket No. 35) is GRANTED. Petitioner's Response has been considered by the Court.

C. Petitioner's Motion to Amend Petition (Docket No. 37) is GRANTED to the extent set forth above.

D. Respondent's Motion for Summary Judgment on the merits of the remaining claims shall be filed no later than **October 31, 2008.** Petitioner shall have thirty (30) days to respond, and Respondent may but is not required to file a reply with fourteen (14) days after the response.

DATED: **August 7, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge